**SO ORDERED.**

**SIGNED this 20th day of April, 2020.**



_____
Robert E. Nugent
United States Bankruptcy Judge

_____

DESIGNATED FOR ONLINE PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| IN RE: | |
|---|---|
| MICHELLE L. BLACKWELL, | Case No. 20-10130<br>Chapter 13 |
| Debtor. | |

## ORDER ABROGATING NO-LOOK FEE IN WICHITA DIVISION

In this case, debtor's counsel, Mark J. Lazzo, seeks a lump sum attorney's fee of $3,500, exceeding this division's presumptive "no-look" fee established in 2009 in *In re Hueser*[1] and two companion chapter 13 cases. There are no other objections to confirmation.[2] At the April 9, 2020 confirmation docket call, both the trustee and

---

[1] No. 09-10601, 2009 WL 2849607 (Bankr. D. Kan. Aug. 31, 2009). *See also In re Akalis,* No. 08-13346 (Bankr. D. Kan. Aug. 31, 2009), and *In re Warren,* No. 09-10039 (Bankr. D. Kan. Aug. 31, 2009).
[2] Doc. 16.

1

debtor's counsel agreed that evidence would be unnecessary and offered to submit the matter on stipulations and briefs. Rather than tax the parties with unnecessary effort and expense, I directed that the plan be confirmed and advised that I would prepare and issue this supplemental order setting out my current views on the amount and applicability of the no-look fee in this division. For the reasons set out below, I conclude that not only is the $3,000 presumptive fee established in *Hueser* likely too low, the establishment of a presumptive fee in the Wichita division is no longer necessary or advisable and, accordingly, to the extent that the holding in *Hueser* is construed as a "cap" on fees, is determinative of a reasonable fee in chapter 13 cases, or is of precedential or persuasive value, it is abrogated. The Trustee's objection to the $3,500 fee in this case is overruled.

Analysis

Chapter 13 debtors are expressly permitted to retain and pay their attorneys under § 330(a)(4)(B) which states:

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.[3]

The attorney's fee is limited only by an analysis of what is "reasonable," "based on a consideration of the benefit and necessity" of the lawyer's services and the application of the other factors in § 330, particularly those found in § 330(a)(3). In *In re Rogers*, this Circuit's Bankruptcy Appellate Panel held that courts have an

---

[3] 11 U.S.C. § 330(a)(4)(B).

**2**

independent obligation to evaluate and award fees.[4] "Courts which allow presumptive fees have merely set a maximum allowable fee without the submission of a fee application."[5] Other courts in the circuit have emphasized that courts permitting "flat" or "customary" fees to be awarded without fee applications are designed to be the *maximum* fee that will be allowed without submitting time records as contemplated by Rule 2016.[6] They are not minimums to awarded in every case.

In his Chapter 13 bankruptcy treatise, Judge Lundin notes a "custom or tolerance" for "fees up to some specific amount" in chapter 13 cases that will not be challenged in a typical case.[7] He comments that "[a]n efficient and effective Chapter 13 counsel should be well paid," regardless of whether that lawyer handles a few or many chapter 13 cases.[8] Indeed, one of the signal attributes of § 330 was the provision in § 330(a)(3)(F) that a bankruptcy attorney's compensation be measured with the same yardstick as that of other lawyers in cases other than bankruptcy cases. By enacting that provision in 1978, Congress placed bankruptcy lawyer compensation on par with that of other lawyers, underpinning the robust market for bankruptcy legal services that has developed since that time to today.

In 2009, over ten years ago, I conducted evidentiary hearings in three cases then before me, and concluded in *Hueser* that the then-effective presumptive fee of

---

[4] *In re Rogers,* 401 B.R. 490, 493 (10th Cir. BAP 2009).
[5] *Id.* at 494.
[6] *See In re Yates*, 217 B.R. 296, 301 (Bankr. N.D. Okla. 1998); Fed. R. Bankr. P. 2016.
[7] *See* Keith M. Lundin, LUNDIN ON CHAPTER 13, § 27.4, at ¶ 11, https://LundinOnChapter13.com (last viewed Apr. 16, 2020).
[8] *Id.* at § 27.4, ¶ 15.

3

$2,500 should be increased to $3,000. Since that time, to the Court's knowledge, no one has pressed a request to increase that amount. Instead, in this division, counsel have requested and been granted supplemental fees ranging from $250 to $500 for various a la carte activities in cases that are deemed additional services to what the no-look fee was intended to cover: defending motions to dismiss, motions for stay relief, motions to modify confirmed plans, closing fee, etc. Sometimes those supplemental fees create feasibility issues in confirmed plans that require the trustee's and the Court's further attention. Certainly, with the passage of ten years, Wichita attorneys' costs of operations have increased, and their hourly rates have done so as well. If the presumptive fee is to be retained, it should certainly be increased. But should it be retained?

Anecdotally, neither Topeka nor Kansas City has a no-look fee. To my knowledge, Kansas City has not had one since Judge Berger took office in 2003. When Judge Somers became the resident judge in Topeka in 2018, he stepped away from the no-look system there. Both those divisions have historically boasted robust chapter 13 programs without court-sanctioned presumptive fees. I believe this division can do the same. Therefore, the no-look fee adopted in *Hueser* is abrogated. Chapter 13 debtors' counsel may seek fees in a reasonable amount consonant with the § 330(a)(3) factors that govern attorney's fees in other cases. If their fees are challenged by a trustee or creditor, contemporaneous time records will likely be required to support a fee application. Hopefully, that will rarely be necessary. For now, the Court is content to let the market govern the amount of fees chapter 13

4

debtors' attorneys charge, subject to determining whether those fees are reasonable based on all relevant factors, including § 330(a)(3), in the event of an objection. Counsel should remember that excessive fees won't be tolerated by the trustee or the creditors, nor will they be approved by the Court—the Court and other parties aren't bound by the bargain made between debtor and counsel.

The trustee's objection that Mr. Lazzo's fees exceed the no-look limit is therefore overruled.

###